UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KURT SCOTT,

|  |  |  |
|---|---|---|
|  | Plaintiff, | ***COMPLAINT AND JURY DEMAND*** |
| -against- |  |  |
| CITY OF NEW YORK, IVONNE RAMIREZ, DARYL MELHADO and JOHN or JANE DOE 1-10, individually and in their official capacities as New York City police officers, |  | ECF CASE<br>Docket No. |
|  | Defendants. |  |

--------------------------------------------------------------------X

Plaintiff, KURT SCOTT, by his attorneys, Sim & DePaola, LLP, for his complaint against the above Defendants, City of New York, Ivonne Ramirez, Daryl Melhado and John or Jane Doe 1-10, individually and in their capacities as New York City police officers alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1983 and 1988 for the violations of his civil rights protected by Constitution of the United States and the Constitution and laws of the State of New York.

2. Plaintiff's claims arise from a May 15, 2018 incident, in which Defendants, acting under color of state law, arrested, detained, assaulted and battered Mr. Scott. As a result, Mr. Scott was deprived of his liberty and suffered serious physical and psychological injuries.

3.  Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

4.  This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5.  The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

6.  Venue is laid within the Southern District of New York in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7.  Plaintiff Kurt Scott ("Mr. Scott") resides at  1200 College Avenue, Apt. 4E, Bronx, New York 10456.

8.  The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9.  At all times relevant hereto, Defendant City, acting through the New York City Police Department (or "NYPD") was responsible for the policy, practice, supervision,

implementation, and conduct of all NYPD matters and was responsible for the
appointment, training, supervision, discipline and retention and conduct of all NYPD
personnel, including police officers, detectives and supervisory officers as well as the
individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing
the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of
the United States and the State of New York.

11. Defendant Ivonne Ramirez ("Ramirez") was, at all times here relevant, a police
officer and/or detective employed by the NYPD and as such was acting in the
capacity of an agent, servant and employee of the City of New York. Defendant
Ramirez was, at all times relevant herein, a Police Officer and/or detective, at 23rd
precinct located at 162 E 102nd St, New York, NY 10029. Defendant Ramirez is
being sued in his individual and official capacities.

12. Defendant Daryl Melhado ("Melhado") was, at all times here relevant, a police
officer and/or detective employed by the NYPD and as such was acting in the
capacity of an agent, servant and employee of the City of New York. Defendant
Melhado was, at all times relevant herein, a Lieutenant under Tax Reg. No. 940464,
at 23rd precinct located at 162 E 102nd St, New York, NY 10029. Defendant Melhado
is being sued in his individual and official capacities.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police
officers, detectives, supervisors, policy makers and/or officials employed by the
NYPD. At this time, Plaintiff does not know the true names and/or tax registration

numbers of Defendants John and Jane Doe 1 through 10 but is within knowledge of the defendants.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD. Defendants John and Jane Doe 1 through 10 are being sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

18. Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law and/or the Public Authorities Law and/or no such request was made within the applicable period.

19. This action has been commenced within one year and ninety days from the relevant accrual dates.

## **FACTUAL CHARGES**

20. On May 15, 2018, at approximately 8:30 p.m., Mr. Scott was in the vicinity of 100th Street and Third Avenue, County of New York, State of New York.

21. On said date, time and location, Mr. Scott was driving his vehicle and was obeying all traffic laws.

22. On said date, time and location, Mr. Scott's friend was seated in the front passenger seat of said vehicle.

23. On said date, time and location, Defendants, including Ramirez and Melhado, unlawfully stopped the said vehicle without any probable cause or reasonable suspicion to do so, as plaintiff's vehicle was not in violation of any laws or local ordinances.

24. Defendants, including Ramirez and Melhado, asked for Mr. Scott's identification and registration.

25. Mr. Scott complied and provided defendants with said documentation.

26. Defendants, including Ramirez and Melhado, then walked to their patrol vehicle to verify the driver's documentation.

27. Then Defendants, including Ramirez and Melhado, questioned Mr. Scott if he had drugs or weapons in his vehicle. Mr. Scott replied no.

28. Then Defendants, including Ramirez and Melhado, unlawfully commanded Mr. Scott to exit his vehicle without probable cause or other justification for doing so.

29. Then Defendants, including Ramirez and Melhado, illegally searched the vehicle, even though there was no probable cause to do so, as there were no indicia of criminal activity present.

30. Defendants, including Ramirez and Melhado, then illegally searched the front seat passenger's purse without the consent of that passenger or any other legal right to do so.

31. Then Defendants, including Ramirez and Melhado, alleged to have found a counterfeit bill inside the front seat passenger's purse and showed it to Mr. Scott and the front seat passenger.

32. Defendants, including Ramirez and Melhado, then placed handcuffs on Plaintiff and threw him into the police vehicle without probable cause or justification.

33. Defendant Ramirez was Mr. Scott's arresting officer under arrest No. M18627225.

34. Defendants, including Ramirez and Melhado, falsely arrested Plaintiff claiming he committed forgery in the first degree, possession of forged instrument in the first degree and other violations.

35. Defendants, including Ramirez and Melhado, were fully aware that Plaintiff did not commit any crime, possess any forged instrument or other violations, but knowingly and intentionally chose to state Plaintiff committed said crimes or violations to justify and excuse an otherwise invalid arrest.

36. Mr. Scott was never in actual, constructive or statutory possession of any forged instrument, as the bill was recovered in the possession of the front seat passenger, in her purse.

37. Mr. Scott had multiple assaults and batteries committed to his person, including but not limited to, being placed in handcuffs too tightly.

38. Then Plaintiff was transported to the 23rd precinct.

39. Mr. Scott was illegally fingerprinted and photographed in the precinct.

40. Mr. Scott was sent to central booking for a crime he did not commit.

41. In central booking Mr. Scott was illegally fingerprinted and photographed for a second time.

42. Mr. Scott did not commit any crimes or violations of the law.

43. Defendants, including Ramirez and Melhado, intentionally provided said false information to the New York County District Attorney's Office, so that a criminal prosecution would be initiated against Mr. Scott, namely that he committed forgery in the first degree, possession of forged instrument in the first degree and other violations.

44. However, New York County District Attorney's Office declined to prosecute said charges against Mr. Scott.

45. At no point did Defendants, including Ramirez and Melhado, ever observe Mr. Scott commit any crime or offense.

46. At no point were the defendants, including Ramirez and Melhado, ever told by any witnesses that Mr. Scott committed any crime or violation of the law.

47. Defendants, including Ramirez and Melhado, had no probable cause or reasonable suspicion to arrest, detain or stop Mr. Scott.

48. Defendants, including Ramirez and Melhado, never possessed probable cause to believe a prosecution would succeed against Plaintiff, or that Plaintiff was guilty of any crime.

49. While Plaintiff was unlawfully detained, Defendants, including Ramirez and Melhado, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for forgery in the first degree, possession of forged instrument in the first degree and other related charges.

50. Defendants never possessed a legally issued warrant for plaintiff's arrest.

51. Defendants, including Ramirez and Melhado, intentionally, knowingly and falsely made said allegations to conceal their otherwise illegal, tortious and sinister acts, namely stopping and searching a vehicle illegally without a search warrant, probable cause or reasonable suspicion, and arresting multiple individuals without probable cause, due to no forged instrument being found.

52. Defendants, including Ramirez and Melhado, suppressed evidence and engaged in conduct undertaken in bad faith.

53. Defendants have displayed a pattern and practice of falsely alleging forged instrument to be found to justify otherwise unwarranted arrests.

54. Defendants have displayed a pattern and practice of falsely arresting individuals present inside of vehicle where no forged instrument is found.

55. Plaintiff was wrongfully incarcerated for approximately two (2) days or approximately twenty-two (22) hours, until he was released on or about May 16, 2018.

56. During all of the events described, the Defendants, including Ramirez and Melhado, acted maliciously and with intent to injure Plaintiff.

57. At all times relevant hereto, Defendants, including Ramirez and Melhado, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

58. As a direct and proximate result of the acts of the defendants, including Ramirez and Melhado, Plaintiff suffered the following injuries and damages: violations of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and

suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

59. Mr. Scott was released after New York County District Attorney's Office declined to prosecute this matter on or about May 16, 2018.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

62. Plaintiff was conscious of his confinement.

63. Plaintiff did not consent to his confinement.

64. Plaintiff's arrest and false imprisonment was not otherwise privileged.

65. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

67. By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

68. The above paragraphs are here incorporated by reference as though fully set forth.

69. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

70. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

71. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

73. By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## **THIRD CAUSE OF ACTION**
### Assault and Battery Under
### New York State Law

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

76. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

77. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

78. As a direct and proximate result of this breach, Plaintiff sustained the damages

   hereinbefore alleged.

79. By reason of the above, the amount of damages sought on this cause of action exceeds

   the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.


**FOURTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

80. The above paragraphs are here incorporated by reference as though fully set forth.

81. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth

   Amendments, because they used unreasonable force without Plaintiff's consent.

82. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive

   touching and battered him without his consent.

83. As a direct and proximate result of this breach, Plaintiff sustained the damages

   hereinbefore alleged.

84. By reason of the above, the amount of damages sought on this cause of action exceeds

   the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**FIFTH CAUSE OF ACTION**
Malicious Prosecution Under
New York State Law

85. The above paragraphs are here incorporated by reference as though fully set forth.

86. Defendants initiated the prosecution against Plaintiff.

87. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution

   would succeed.

88. Defendants acted with malice.

89. The prosecution was terminated in Plaintiff's favor when the criminal charge was dismissed and sealed.

90. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

91. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

92. By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

93. The above paragraphs are here incorporated by reference as though fully set forth.

94. Defendants initiated the prosecution against Plaintiff.

95. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

96. Defendants acted with malice.

97. The prosecution was terminated in Plaintiff's favor when he all charges were dismissed and sealed.

98. Accordingly, Defendants violated Plaintiff's Fourth Amendment rights.

99. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

100.    By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## SEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

101.    The above paragraphs are here incorporated by reference as though fully set forth.

102.    Defendants arrested, detained and caused a criminal prosecution to be initiated

against Plaintiff to compel the compliance or forbearance of some act.

103.    Defendants had no excuse or justification to forcibly detain or initiate a

prosecution against Plaintiff, especially with the absence of any cognizable probable

cause.

104.    Defendants intended to inflict substantial harm upon Plaintiff.

105.    Defendants acted to achieve a collateral purpose, beyond or in addition to

Plaintiff's criminal prosecution.

106.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

107.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

108.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## EIGHTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

109.    The above paragraphs are here incorporated by reference as though fully set forth.

110.    Defendants arrested, detained and caused a criminal prosecution to be initiated

against Plaintiff to compel the compliance or forbearance of some act.

111.    Defendants had no excuse or justification to forcibly detain and initiate a

prosecution against Plaintiff, especially with the absence of any cognizable probable

cause.

112.    Defendants intended to inflict substantial harm upon Plaintiff.

113.    Defendants acted to achieve a collateral purpose, beyond or in addition to

Plaintiff's criminal prosecution.

114.    Defendants' actions deprived Plaintiff of his right to free from illegal searches and

seizures, as well as his right not to be deprived of his liberty without due process of

law.

115.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

116.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.


### NINTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
New York State Law

117.    The above paragraphs are here incorporated by reference as though fully set forth.

118.    The conduct of Defendants was extreme and outrageous.

119.    Defendants' extreme and outrageous conduct was perpetrated with the intent to

cause, or with disregard to a substantial probability of causing, severe emotional

distress to Plaintiff.

120.    Defendants' extreme and outrageous conduct is causally related to Plaintiff's

injuries.

121.    Defendants' extreme and outrageous conduct caused Plaintiff to sustain extreme

emotional distress.

122.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of respondeat superior.

123.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.


## TENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

124.    The above paragraphs are here incorporated by reference as though fully set forth.

125.    Those Defendants that were present but did not actively participate in the

aforementioned unlawful conduct, observed such conduct, had an opportunity to

prevent such conduct, had a duty to intervene and prevent such conduct and failed to

intervene.

126.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

127.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

128.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

129.    The above paragraphs are here incorporated by reference as though fully set forth.

130.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

131.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

132.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

133.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

134.    By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

135.    The above paragraphs are here incorporated by reference as though fully set forth.

136.    Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee defendants.

137.    Defendant City breached that duty of care.

138.    Defendant City placed defendants in a position where they could inflict

foreseeable harm.

139.    Defendant City knew or should have known of its employee defendants'

propensity for violating the individual rights granted under the United States

Constitution and the laws of the State of New York, prior to the injuries incurred by

Plaintiff.

140.    Defendant City failed to take reasonable measures in hiring, retaining and

supervising its employee defendants that would have prevented the aforesaid injuries

to Plaintiff.

141.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

142.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.


### THIRTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

143.    The above paragraphs are here incorporated by reference as though fully set forth.

144.    Defendant City maintained a policy, custom or practice that caused Plaintiff to be

deprived of his Constitutional right to free from illegal searches and seizures.

145.    Defendant City's illegal practice is so consistent and widespread that it constitutes

a custom or usage of which a supervising policy maker must have been aware of.

146.    Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

147.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

148.    Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

149.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

150.    By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

**e)**      Granting such other and further relief as this Court deems just and proper.


## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: July 5, 2019

                                                Respectfully submitted,

                                                 _S/ Markus A. Wilson_____
                                                Markus A. Wilson, Esq.
                                                Bar Number: MW1015
                                                Sim & DePaola, LLP
                                                *Attorneys for Mr. Scott*
                                                4240 Bell Blvd., Suite 201
                                                Bayside, NY 11361
                                                T: (718) 281-0400
                                                F: (718) 631-2700
                                                mwilson@simdepaola.com